MARSTILLER, J.,
dissenting.
I respectfully dissent from the majority opinion for I believe it reaches a result not intended by the Legislature. Section 322.34 sets forth an overall scheme by which the Legislature penalizes individuals who persist in driving even though their driver’s license or driving privilege has been suspended or revoked. Although subsection (5), the provision at issue here, does not refer to revocation of one’s “driver’s license or driving privilege,” virtually all the other subsections in the statute do. See §§ 322.34(1) (prohibiting driving while “driver’s license or driving privilege” canceled, suspended or revoked); 322.34(2) (prohibiting knowingly driving while “driver’s license or driving privilege” canceled, suspended or revoked); 322.34(6) (making it a third degree felony to cause death or serious bodily to a person by negligent operation of vehicle when “driver’s license or driving privilege” canceled, suspended or revoked under specified statutes); 322.34(7) (prohibiting driving of commercial vehicle while “driver’s license or driving privilege” canceled, suspended or revoked); 322.34(8)(a) (“Upon the arrest of a person for the offense of driving while the person’s driver’s license or driving privilege is suspended or revoked,” arresting officer must determine, inter alia, if revocation is for habitual traffic offender status) (emphasis added); 322.34(10)(a)(6) and (b) (providing a less severe criminal penalty for driving when one has “been designated a habitual traffic offender under s. 322.264(1) as a result of suspensions of his or her driver’s license or driver privilege ” for specified violations) (emphasis added).
The Legislature’s repeated reference to a driving privilege and use of the disjunctive “or” in the phrase “driver’s license or driving privilege” indicate that one does have, as the State posits in this appeal, a privilege that can be suspended or revoked even in the absence of a valid license. Indeed, chapter 322 is replete with provisions referring to a “driver’s license or *123 driving privilege.” One can easily envision circumstances in which an unlicensed driver could commit a prohibited act for which his or her driving privilege is taken away. For example, an unlicensed driver would lose her driving privilege under section 322.26, Florida Statutes, which requires DHSMV to “revoke the license or driving privilege of any person upon receiving a record of such person’s conviction of’ certain offenses, including murder or manslaughter resulting from the operation of a vehicle, or commission of a felony using a vehicle. Or, as provided in section 322.34(10)(a)l, a parent who does not have a driver’s license may lose her driving privilege, i.e., the ability to obtain a license, for failing to pay child support.
Ignoring the other provisions in section 322.34 and refusing to read the statute in pan materia leads the majority to unreasonably conclude that subsection (5) “does not outlaw driving by drivers never issued a license to drive.” (Majority op. at 120) True, courts must strictly construe penal statutes. But “[i]t is also true that a literal interpretation of the language of a statute need not be given when to do so would lead to an unreasonable or ridiculous conclusion.” Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). “[A]lthough strict construction of penal statutes is generally proper, no statute should be construed so as to defeat the intention of the legislature.” Dep’t of Highway Safety and Motor Veh. v. Patrick, 895 So.2d 1131, 1136 (Fla. 5th DCA 2005). The legislative intent behind section 322.34(5) is to punish habitual traffic offenders who persist in driving unlawfully more severely than other offenders who have not been branded “habitual.” Today’s decision allows the appellant — and now every potential habitual traffic offender — to escape punishment by exploiting an instance of imprecise statutory drafting. I am also concerned that the majority’s reading of sections 322.264, 322.27(5) and 322.34(5) as operating only against licensed persons not only obstructs legislative intent as to those provisions, but also affects the operation of any other provisions in chapter 322 that may lack the phrase “or driving privilege.”
For these reasons, I dissent from the majority opinion and would affirm the appellant’s conviction.